UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANIEL E. CARPENTER, et al. )<br>) | CRIM NO. 3:13-CR-226 (RNC)<br><br><br><br>SEPTEMBER 15, 2014 |

### DEFENDANT WAYNE H. BURSEY'S MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA DUCES TECUM

Pursuant to Federal Rule of Criminal Procedure 17(c), the defendant Wayne H. Bursey hereby moves for an order permitting him to issue subpoenas *duces tecum* (the "Subpoenas") to the insurance providers (the "Providers") identified in the Superseding Indictment, to the extent that Mr. Bursey's motion to dismiss the Superseding Indictment, also filed on this date, is not granted. Mr. Bursey seeks the pretrial production of any and all applications of the individual Insured persons named in the Superseding Indictment, as well as any other documents and communications reflecting approval of the applications, from the Providers, as such documents are central to the Government's allegations against him and may contain exculpatory evidence that Mr. Bursey may use at trial. As required by Rule 17(c), the documents requested are relevant, admissible and specific. Mr. Bursey respectfully requests that the Court grant the instant motion and enter an order permitting him to issue the Subpoenas. A Memorandum of Law is filed herewith.

FOX ROTHSCHILD LLP

/s/ *Patrick J. Egan*
Patrick J. Egan (*pro hac vice*)
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone: (215) 299-2825

Fax: (215) 299-2150
pegan@foxrothschild.com

O'BRIEN, TANSKI & YOUNG, LLP

/s/ *Stephen V. Manning*
Stephen V. Manning (Federal Bar # ct07224)
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067-3913
Phone: (860) 525-2700
Fax: (860) 247-7861
svm@otylaw.com

*Attorneys for Defendant Wayne H. Bursey*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Patrick Egan
Patrick J. Egan, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) CRIM NO. 3:13-CR-226 (RNC)<br>) |
| v. | )<br>) |
| DANIEL E. CARPENTER, et al. | )<br>) SEPTEMBER 15, 2014 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WAYNE H. BURSEY'S MOTION FOR ISSUANCE OF RULE 17(c) SUBPOENA DUCES TECUM**

Defendant Wayne H. Bursey has filed a motion to dismiss the Superseding Indictment in its entirety pursuant to Federal Rule of Criminal Procedure 12(b). Should any portion of the Superseding Indictment survive that motion, Mr. Bursey moves this Court for an order permitting him to issue subpoenas *duces tecum* (the "Subpoenas") to the insurance providers (the "Providers") identified in the Superseding Indictment.

**BACKGROUND**

The Government has charged Mr. Bursey with, *inter alia*, violations of the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, (the "Charges") based on allegations that Mr. Bursey was part of a scheme to defraud the Providers by conspiring with others to obtain life insurance policies on individuals' lives based upon applications that contained alleged misrepresentations as to certain personal information about the applicants (the "Applicants" or the "Insured"), relating to, among other things, the applicant's financial information, intent to resell the policy, existence of third-party payment of premiums, the purpose of procuring the policy.[1]

---

[1] Mr. Bursey incorporates herein the factual background set forth in his motion to dismiss.

Mr. Bursey has moved to dismiss the Superseding Indictment on the grounds that it does not adequately allege that such statements were made as part of a "scheme to defraud," one of the essential elements of a mail and wire fraud violation.

To the extent that the Superseding Indictment against Mr. Bursey is not dismissed, he respectfully requests that the Court grant him leave to issue the Subpoenas to the various Providers identified in the Superseding Indictment, pursuant to Federal Rule of Criminal Procedure 17(c): Lincoln National Corporation, The Phoenix companies, The Penn Mutual Life Insurance Company, Sun Life Assurance Company of Canada, AXA Equitable Life Insurance Company, American National Insurance Company, Jefferson Pilot Financial, Metropolitan Life Insurance Company, and Trans America.

The Providers are in possession of the applications and related materials that are at the center of the Government's allegations. The crux of the Superseding Indictment is that knowingly false information was provided on the applications, which fraudulently induced the Providers to issue life insurance policies to individuals to whom they would not have issued the policies *but for* the alleged misrepresentations. The Subpoenas request a targeted and limited scope of potentially exculpatory materials from the Providers which Mr. Bursey contends will demonstrate that the alleged misrepresentations were not material to the Providers' decision to issue the policies.

Because the three elements of Rule 17(c) are met here – relevancy, admissibility, and specificity – the Court should enter an order granting Mr. Bursey leave to issue the Subpoenas (in the event that the Court does not dismiss the Superseding Indictment in its entirety).

## ARGUMENT

Under Rule 17(c), a defendant can obtain a subpoena for the pretrial production of evidence from a third party if the requested evidence clears "three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974).

The considerations underlying these three prongs also include: (1) [whether] the documents are evidentiary and relevant; (2) [whether] they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) [whether] the party cannot properly prepare for trial without such production ... and [whether] the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) [whether] the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Ferguson*, 2008 WL 113663, at *1 (D. Conn. Jan. 2, 2008), *quoting Nixon*, 418 U.S. at 699. Enforcement of 17(c) subpoenas are within the sound discretion of the district court. *Id.* at *1, *citing Nixon*, 418 U.S. at 702.

This Court may enter an order permitting Mr. Bursey to issue the Subpoenas because all three elements are met, based on an analysis of the considerations set forth above.

First, the Subpoenas are indisputably relevant to the allegations in the Superseding Indictment. In a Rule 17(c) analysis, evidence is relevant if it has "any tendency to make the existence of any fact ... more probable or less probable." *United States v. Khan*, 2009 WL 152582, 3 (E.D.N.Y. Jan. 20, 2009), *quoting* F.R.E. 401; *see also United States v. Dixon*, 486 F. Supp. 2d 40, 44 (D.D.C. 2007) (in order to satisfy Rule 17(c), the defendant must demonstrate that the information he seeks through his subpoena tends to make the existence any fact underlying his claim either more or less probable than it would otherwise be).

3

By way of the Subpoenas, Mr. Bursey requests the specific applications of the particular Insured named in the Superseding Indictment, as well as any materials related to the approval of the applications by the Providers. The alleged misrepresentations set forth on the applications are fundamental to the allegations in the Superseding Indictment and accordingly, the applications and related materials are unquestionably relevant to the Government's allegations. Mr. Bursey contends, in good faith, that these documents will include exculpatory evidence that clearly show that the purported misrepresentations were not material to the Providers' decisions to issue the policies – a central tenet of the Government's theory of the case. Because the requested documents will make the Government's theory "less probable," the Subpoena seeks relevant evidence and the first prong of Rule 17(c) is fulfilled.

Second, the requested documents are likely to be admissible at trial. Similar to the relevance factor, courts in the Second Circuit will look to the Federal Rules of Evidence to evaluate a document's admissibility. *See United States v. Dupree*, 2011 WL 2006295, at *4 (E.D.N.Y. May 23, 2011) ("Pursuant to Federal Rule of Evidence 403, even relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence'"), *quoting* Fed. R. Evid. 403. Because "it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents," courts have held that "if a document is arguably relevant and admissible under the Rules of Evidence, the *Nixon* 'evidentiary' requirement is likely satisfied." *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) (citing *United States v. Orena*, 883 F. Supp. 849, 868 (E.D.N.Y. 1995)). Here, none of the Rule 403 factors apply – Mr.

4

Bursey is seeking straightforward, limited documents that specifically relate to the allegations of the Government in the Superseding Indictment.

Lastly, the Subpoenas are specific. A defendant is not required to describe documents by name in a Rule 17(c) subpoena. *See, e.g., United States v. Poindexter*, 727 F. Supp. 1501, 1510 (D.D.C. 1989) ("exquisite specificity" is not required). Rather, since, "in some instances it may be impossible to 'describe fully' the documents," the *Nixon* requirement can "be satisfied if there is a 'sufficient likelihood,' demonstrated through rational inferences, that the documents being sought contain relevant and admissible evidence." *Libby*, 432 F. Supp. 2d at 31 (citing *Nixon*, 418 U.S. at 700). The Subpoenas are narrowly tailored to request the specific applications of the Insured identified in the Superseding Indictment, as well as any materials directly related to the applications, as these documents will reveal the nature of the alleged fraud committed by Mr. Bursey and others. Keeping this prong in mind, Mr. Bursey, in good faith, has kept the scope of the Subpoenas limited to only the documents which are key to establishing his defense at trial.

The Subpoenas are not the type of "fishing expeditions," which have caused courts to deny defendants' Rule 17 motions. *Compare United States v. Binday*, 908 F. Supp. 2d 485, 491-92 (S.D.N.Y. 2012) (denying Rule 17 motion seeking insurance company documents in alleged STOLI fraud scheme where defendant sought wide range of documents).[2] The *Binday* court deemed the subpoena request a fishing expedition, stating "Essentially, [defendant] wants the insurance companies to turn over all of their files, and all correspondence by e-mail and

---

[2] In contrast to the limited scope of documents sought here, "Binday's proposed Rule 17 subpoena call[ed] for the production of a vast array of documents (the requests fill eight single spaced pages). Examples of the wide range of documents requested by the subpoena include: "All documents relating to any policy an Insurer issued on the life of a Specified Individual ... All documents concerning instances where universal life insurance underwriting guidelines concerning financial status were waived, ... All documents relating to the difference in the rate of late payments of premium between third-party financed or owned life insurance policies and other life insurance policies, ...All documents produced in any litigation concerning any High Value Senior Policy, including in the following litigations: (listing 47 separate civil actions from around the country), ... All documents relating to any reinsurance treaty or treaties that covered High Value Senior Policies, including the treaties themselves." *Id.*

5

otherwise, that relate **in any way** to $2 million-plus policies purchased by persons 70 years old, whether or not those policies are the subject of the instant Superseding Indictment." *Id.* at 492 (emphasis in original). Unlike the *Binday* subpoenas, Mr. Bursey is seeking a limited scope of documents which are specifically related to the Insured and policies that are the subject of the instant Superseding Indictment. Accordingly, the Court should find that the Subpoenas are sufficiently specific within the meaning of Rule 17(c).

*Finally*, there is a clear need for pretrial production in this case. Pretrial production is appropriate where "the party cannot properly prepare for trial without such production and inspection in advance of trial and . . . the failure to obtain such inspection may tend unreasonably to delay the trial." *Nixon*, 418 U.S. at 699. Considering the potentially critical nature of the requested documents and the likelihood that review of the documents will lead to additional investigation, delaying production would serve only to delay the trial with no apparent offsetting benefit. *See United States v. King*, 194 F.R.D. 569, 575 (E.D. Va. 2000) ("Considering the length of the interview and its substantive range, delaying production and inspection of the [requested] videotape would simply delay the trial, and unreasonably so.").

In order to facilitate the most efficient production of the documents, Mr. Bursey respectfully requests that the subpoena command the recipients to return responsive documents directly to defense counsel, rather than to the clerk's office. Courts have permitted this procedure under Rule 17(c), noting that "the plain language of Rule 17(c) does not place an absolute requirement on parties to direct subpoenaed entities to return items to the Court." *Khouj v. Darui*, 248 F.R.D. 729, 731 (D.D.C. 2008). Mr. Bursey has no objection to sharing with the government any documents received in response to the subpoena. Should the Court disagree

with that approach, however, Mr. Bursey requests that the subpoena be issued with a command to return responsive documents to the Office of the Clerk of this Court.

## CONCLUSION

For the reasons set forth above, Mr. Bursey respectfully requests that the Court order the issuance of subpoenas duces tecum under Rule 17(c) to the Providers for the following materials:

(1) Any and all applications of the individual Insured persons named in the Superseding Indictment, as well as any other documents and communications reflecting approval of the applications.

Respectfully submitted,

WAYNE H. BURSEY

FOX ROTHSCHILD LLP

/s/ *Patrick J. Egan*
Patrick J. Egan (*pro hac vice*)
2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
Phone: (215) 299-2825
Fax: (215) 299-2150
pegan@foxrothschild.com

O'BRIEN, TANSKI & YOUNG, LLP

/s/ *Stephen V. Manning*
Stephen V. Manning (Federal Bar # ct07224)
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067-3913
Phone: (860) 525-2700
Fax: (860) 247-7861
svm@otylaw.com

*Attorneys for Defendant Wayne H. Bursey*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Patrick Egan
Patrick J. Egan, Esquire

8