UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:13CR226(RNC) |
| v. | |
| DANIEL CARPENTER and | |
| WAYNE BURSEY | January 29, 2015 |

### NOTICE OF RELATED CASE

The United States of America respectfully notifies the Court that the above-captioned matter is related to a later filed civil action entitled *Daniel Carpenter v. Lynn Allen, et. al.*, 3:14CV741(VAB) and requests that the civil action be assigned to the Honorable Robert N. Chatigny for all further proceedings, in accordance with the Court's "related case" policy, which is discussed below.

On December 12, 2013, a federal grand jury sitting in Hartford, Connecticut returned a 33-count indictment charging Daniel Carpenter ("Carpenter") and co-defendant Wayne Bursey ("Bursey") (collectively "the defendants") with Wire Fraud, in violation of 18 U.S.C. § 1343; Mail Fraud, in violation of 18 U.S.C. § 1341; and Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349. Both defendants were arraigned on January 17, 2014, and were released on secured bonds. Carpenter has since been incarcerated on a previous conviction from the District of Massachusetts. *See United States v. Daniel Carpenter*, No. 1:04CR10029 (GAO) (D. Mass. March 4, 2014). On May 14, 2014, the same federal grand jury returned a superseding indictment. The Superseding Indictment included the original 33 counts of mail and wire fraud and conspiracy, and then added an additional 24 counts of money laundering, illegal monetary transactions, and conspiracy to commit money laundering. The criminal case was randomly assigned to this Court. In the course of pre-trial litigation, as the Court is aware, the defendants

have filed multiple motions to dismiss the indictment and to suppress evidence seized as a result of search warrants executed on May 26, 2011 at, among other locations, 100 Grist Mill Road in Simsbury, Connecticut.  In particular, the defendants have alleged that the May 26 search warrant was overbroad, facially deficient, and unsupported by probable cause.  The parties have fully briefed those motions, the Court heard oral argument on December 4, 2014, and the motions are pending decision.

On May 22, 2014, five months after the filing of the criminal case, defendant Carpenter filed the civil case described above, which is a *Bivens* complaint against U.S. Department of Labor Special Agent Lynn Allen, the case agent in the criminal matter and affiant on the challenged search warrants, and other agents who participated in the warrants' execution.[1]  The civil case was randomly assigned to the Honorable Michael P. Shea.  The Government's answer and/or responsive pleading is currently due on February 9, 2015.  The *Bivens* action principally challenges the validity of the search warrant executed on May 26, 2011 at 100 Grist Mill Road, and requests a return of property under Federal Rule of Criminal Procedure 41(g).[2]  Like the pending motion to suppress in the criminal case, the *Bivens* action alleges, among other things, that the May 26th search warrant was overbroad, facially deficient, and unsupported by probable

---

[1] Carpenter has retained different counsel, Attorney Norman A. Pattis, Esq., to represent him in the civil action.

[2] Carpenter filed a separate *Bivens* action in April 2013 against special agents of the IRS challenging warrants executed in April 2010 at 100 Grist Mill Road in connection with an unrelated Wisconsin-based investigation.  That *Bivens* action was assigned to the Honorable Stefan R. Underhill.  *See Carpenter v. Shulman et. al.*, Case No. 3:13CV563(SRU).  Although Carpenter has challenged the IRS warrant in the context of this criminal case – a portion of the DOL warrant authorized the seizure of material previously taken by the IRS – federal authorities in Wisconsin have not yet filed criminal charges in the Wisconsin matter.  Moreover, the evidence the DOL seized from the IRS makes up only a tiny piece of the overall evidence in this criminal case.

cause.  The civil action seeks declaratory relief that the May 26th search was unlawful.  On January 26, 2015, the civil action was reassigned to the Honorable Victor A. Bolden.[3]

This Court's "related case" policy calls for the prosecution or defense to identify, for the benefit of the Court, when cases are "related," at which point the judges presiding over the earlier and later cases shall consult to determine whether the cases are, in fact, related. *See* Memorandum of Chief Judge Alfred V. Covello ("Re: Assignment of Criminal Cases") at ¶4 (Dec. 10, 1999). Assignment of a new related case to the judge presiding over an earlier case may occur "only after that judge determines that the cases are, in fact, related." *Id.; see* D. Conn. L. Cr. R. 50(b) ("In the event that it is subsequently determined that there is pending in this District a related case, . . . such case should normally be assigned to the Judge having the earliest filed case.  A case may be reassigned at the discretion of the Chief Judge, after due consultation with the transferor and transferee Judge."); D. Conn. L. Civ. R. 40 (same).  While this notice involves one civil case and one criminal case, the Government believes it would be inefficient for two separate courts to pass simultaneously on the same issues involving the same parties and could potentially lead to inconsistent rulings, with one judge ruling the May 26th search was lawful and the other ruling it was unlawful.  Moreover, Carpenter's request for declaratory relief and motion for a return of property seized pursuant to the search warrant clearly affects the outcome of the criminal case, which is currently in a trial-preparation posture.  Similarly, a decision on the pending motion to suppress in the criminal case will have a direct bearing on some of the claims in the *Bivens* action. As such, for reasons of judicial economy and in accordance with the Court's "related case" policy, the Government respectfully recommends that

---

[3] Prior to transferring the case to Judge Bolden, Judge Shea denied, without opinion, the Government's motion to stay the civil case pending resolution of this criminal case.

the *Bivens* action against Special Agent Allen and others and the above criminal case be assigned to the same court. As the undersigned attorney is not attorney of record in the civil action, a copy of this notice will be hand delivered to Judge Bolden. A copy will also be provided to Carpenter's counsel in the civil case, Attorney Pattis.

        Respectfully submitted,

        DEIRDRE M. DALY
        UNITED STATES ATTORNEY

        /s/

        DAVID E. NOVICK
        ASSISTANT U.S. ATTORNEY
        Fed Bar No. phv02874
        157 Church Street, 25th Floor
        New Haven, CT 06510
        (203) 821-3700
        david.novick@usdoj.gov

CERTIFICATE OF SERVICE

       This is to certify that on January 29, 2015, a copy of the foregoing Notice was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                          /s/ *David E. Novick*

                          DAVID E. NOVICK
                          ASSISTANT U.S. ATTORNEY